Case No. 23-10328

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff Appellee,*

V.

EMMANUEL NICHOLAS ROSA,
*Defendant Appellant.*

On Direct Appeal from the United States District Court
for the Northern District of Texas
Lubbock Division

## APPELLANT'S INITIAL BRIEF

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

*s/ Maria Gabriela Vega*
M. GABRIELA VEGA
ASSISTANT FEDERAL PUBLIC DEFENDER
Tex. Bar No. 24084014
525 S. Griffin St., Ste. 629
Dallas, TX 75202
(214) 767-2746
Gabriela_Vega@fd.org
*Counsel for Emmanuel Nicholas Rosa*

## CERTIFICATE OF INTERESTED PERSONS

I certify that the following listed persons and entities have an interest in the outcome of this case. These representations are made so that the Judges of this Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| **District Judge:** | The Honorable James Wesley Hendrix |
| **Magistrate Judge:** | The Honorable D. Gordon Bryant, Jr. |
| **Appellant:** | Emmanuel Nicholas Rosa |
| **Federal Public Defender Northern District of Texas:** | Jason D. Hawkins |
| **Defense Counsel:** | Maria Gabriela Vega<br>David E. Sloan |
| **United States Attorney Northern District of Texas:** | Leigha Simonton |
| **Assistant U.S. Attorneys:** | Brian McKay<br>Calandra Woolam |

*s/ Maria Gabriela Vega*
M. GABRIELA VEGA

ii

## STATEMENT REGARDING ORAL ARGUMENT

Emmanuel Nicholas Rosa requests oral argument if the Court intends to dismiss the appeal based on Rosa's appeal waiver. Otherwise, the merits of the claimed error are simple, straightforward, and do not require oral argument.

# TABLE OF CONTENTS

Certificate of Interested Persons ...............................................ii

Statement Regarding Oral Argument .................................... iii

Table of Contents...................................................................iv

Table of Authorities ............................................................. vi

Statement of Jurisdiction...................................................... 1

Issue Presented For Review.................................................. 2

Statement of the Case .......................................................... 3

Summary of the Argument .................................................... 6

Argument ............................................................................. 8

   I.    Plain-error review applies. ......................................... 8

   II.   Rosa's appellate waiver does not bar this appeal........................ 8

      A.   This Court would review the application of the waiver to Rosa's appeal de novo................................................... 8

      B.   General contract principles inform the interpretation of plea agreements. .......................................................... 9

      C.   These contract principles establish that Rosa's waiver does not apply on its own terms. ............................... 11

         1.   The plea agreement's plain language compels an interpretation of "sentence" that excludes monetary penalties such as fines and restitution.............................. 11

2.  But the text does not compel an interpretation of
    "sentence" that, despite the exclusion of fines and
    restitution, includes assessments. ...................................... 12

3.  The surrounding circumstances support a narrow
    reading of "sentence" that incorporates only the
    imprisonment and community supervision portions of
    a judgment. ........................................................................... 16

4.  The court must choose the narrower interpretation
    because it must resolve ambiguities against the
    government. .......................................................................... 17

5.  The government knew how to incorporate assessments
    into the appeal waiver, chose not to do so, and now
    must be held to its bargain. ................................................. 18

III.  Under § 3014(b) and (f), Rosa must fully pay the § 2259A
     assessment before making payments towards his § 3014
     obligation. .................................................................................. 20

A.  The district court plainly erred by unconditionally
    ordering Rosa to make payments towards the § 3014
    assessment starting 60 days after his release. ........................ 20

B.  The error affected Rosa's substantial rights. ............................ 20

C.  The error seriously affects the fairness, integrity, or
    public reputation of the proceedings. ...................................... 22

Conclusion ................................................................................................. 25

Certificate of Service ................................................................................ 26

Certificate of Compliance ........................................................................ 27

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Calpetco 1981 v. Marshall Expl., Inc.*,
  989 F.2d 1408, (5th Cir. 1993) ........................................................... 10

*Puckett v. United States*,
  556 U.S. 129 (2009) ................................................................................ 8

*Rosales-Mireles v. United States*,
  138 S. Ct. 1897 (2018) ............................................................. 22, 23, 24

*United States v. Acquaye*,
  452 F.3d 380 (5th Cir. 2006) .................................................................. 8

*United States v. Aderholt*,
  87 F.3d 740 (5th Cir. 1996) .................................................................. 20

*United States v. Antunez*,
  269 F. App'x 528 (5th Cir. 2008) ......................................................... 10

*United States v. Becerra*,
  835 F. App'x 751 (5th Cir. 2021) .................................................... 20, 24

*United States v. Bell*,
  No. 21-11103, 2022 WL 17729413 (5th Cir. Dec. 16, 2022) ........ 10, 12

*United States v. Bree*,
  927 F.3d 856 (5th Cir. 2019) ................................................................ 24

*United States v. Calbat*,
  266 F.3d 358 (5th Cir. 2001) ................................................................ 21

*United States v. Elashyi*,
  554 F.3d 480 (5th Cir. 2008) .................................................................. 9

*United States v. Farias,*
    469 F.3d 393 (5th Cir. 2006) ........................................................ 9, 12

*United States v. Herndon,*
    807 F. App'x 286 (5th Cir. 2020) ........................................... 22, 23, 24

*United States v. Jacobs,*
    635 F.3d 778 (5th Cir. 2011) ..................................................... 9, 18, 19

*United States v. Kim,*
    988 F.3d 803 (5th Cir. 2021) ...................................................... 9, 11, 12

*United States v. Madrid,*
    978 F.3d 201 (5th Cir. 2020) .............................................. 9, 10, 16, 19

*United States v. Mahanera,*
    611 F. App'x 201 (5th Cir. 2015) ........................................................ 21

*United States v. McQueen,*
    108 F.3d 64 (4th Cir. 1997) ............................................................... 11

*United States v. Mondragon-Santiago,*
    564 F.3d 357 (5th Cir. 2009) ............................................................. 21

*United States v. Newbert,*
    504 F.3d 180 (1st Cir. 2007) ............................................................. 11

*United States v. Perez-Mateo,*
    926 F.3d 216 (5th Cir. 2019) ....................................................... 22, 23

*United States v. Pierre,*
    No. 20-30728, 2022 WL 1198222 (5th Cir. Apr. 22, 2022) ................. 20

*United States v. Prieto,*
    801 F.3d 547 (5th Cir. 2015) ............................................................. 21

*United States v. Terry,*
    No. 19-11039, 2022 WL 1469218 (5th Cir. May 10, 2022) ................... 8

*United States v. Williams,*
    No. 22-40185, 2023 WL 234772 (5th Cir. Jan. 18, 2023) ................... 19

## Federal Statutes

18 U.S.C. § 2252A(a)(2) ..................................................................... 3

18 U.S.C. § 2259A ................................................................... *passim*

18 U.S.C. § 3013 ............................................................................ 3, 4

18 U.S.C. § 3014 ..................................................................... *passim*

18 U.S.C. § 3014 60 ............................................................................ 2

18 U.S.C. § 3014(b) ............................................................... 6, 8, 20

18 U.S.C. § 3014(f) ............................................................. 8, 20, 22

18 U.S.C. § 3231 ................................................................................ 1

18 U.S.C. § 3553 *et seq.* ................................................................ 17

18 U.S.C. § 3583 .............................................................................. 17

18 U.S.C. § 3742 ................................................................................ 1

28 U.S.C. § 1291 ................................................................................ 1

Amy, Vicky, and Andy Child Pornography Victim Assistance
   Act of 2018 ................................................................................... 4

Justice for Victims of Trafficking Act of 2015 ............................. 3

## United States Sentencing Guidelines

USSG § 5E1.3 .................................................................................. 16

## Rules

Fed. R. App. P. 4(b)(1)(A)(i) ........................................................ 1

## Other Authorities

Restatement (Second) of Contracts § 203(a) (Am. L. Inst.
   1981) ........................................................................................... 10

*Sentence*, BLACK'S LAW DICTIONARY (11th ed. 2019) ............................... 12

*Sentence*, OXFORD ENGLISH DICTIONARY, *available at*
   https://www.oed.com/dictionary/sentence_n?tab=meaning_
   and_use#23608922 .............................................................................. 12

United States Sentencing Commission, *Guidelines Manual*,
   Chapter 5, pt. A, § 5D1.2, § 5E1.2 (Nov. 2021) ................................... 16

# STATEMENT OF JURISDICTION

This is a direct appeal from a sentence imposed in a criminal case. The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The district court entered its judgment on March 23, 2023. ROA.69-77. Rosa filed a timely notice of appeal on March 31, 2023. ROA.78-79. *See* FED. R. APP. P. 4(b)(1)(A)(i).

## ISSUE PRESENTED FOR REVIEW

Whether the district court reversibly erred when it unconditionally required Rosa to make monthly payments towards an additional special assessment imposed under 18 U.S.C. § 3014 60 days after release from custody notwithstanding a possible balance on the assessment the court also imposed under 18 U.S.C. § 2259A?

## STATEMENT OF THE CASE

Emmanuel Nicholas Rosa pleaded guilty to violating 18 U.S.C. § 2252A(a)(2) with a plea agreement. ROA.9, 69, 112, 136-44. In it, Rosa waived his rights "to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court." ROA.141. Other terms of the agreement admonished Rosa on the statutory maximum penalties, the role of the guidelines, and the assessments the court could impose on conviction. ROA.137-39. These terms specifically referenced assessments under 18 U.S.C. §§ 2259A, 3013, and 3014. ROA.137-39. Rosa also agreed in his plea agreement that no person guaranteed or made promises as to the sentence the court would impose. ROA.141.

In the presentence investigation report ("PSR"), probation concluded that Rosa was "employable" and that he had "future earning capacity." ROA.166. It referenced the $100 mandatory special assessment under 18 U.S.C. § 3013 but also reported that Rosa was "subject to the provisions of the Justice for Victims of Trafficking Act of 2015," under which "the Court shall assess an amount of $5,000, per count, on any non-indigent person[.]" ROA.167. "The defendant is also subject to the provisions of the

Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018,"
probation concluded. ROA.167 (citing 18 U.S.C. § 2259A). Ultimately,
probation recommended imposing a $5,000 assessment under § 2259A
and a $5,000 assessment under § 3014. ROA.170. It also recommended a
payment schedule beginning 60 days after Rosa's release from custody
that required simultaneous monthly payments towards both assess-
ments. ROA.170. Finally, it incorporated these financial obligations into
its recommendations for Rosa's conditions of supervised release.
ROA.170. Rosa did not object. ROA.173-74.

The court followed probation's recommendations to impose both a
$5,000 assessment under § 2259A and a $5,000 assessment under § 3014,
besides the mandatory assessment under § 3013, at sentencing.
ROA.132-34. It also imposed a 25-year term of supervised release to fol-
low a 240-month term of imprisonment, and it incorporated payment
schedules for both assessments into Rosa's conditions of release. ROA.65-
68, 131-33. Rosa did not object. ROA.132. As in the PSR, these payment
schedules/ conditions of release required simultaneous payments to-
wards both assessments and set payment obligations to start for both at
60 days after Rosa's release without condition or caveat. ROA.68. In its

judgment, the court correctly reflected the term of imprisonment, term of supervised release, and conditions of supervised release announced at sentencing. ROA.70-74. In the "Criminal Monetary Penalties" portion of the judgment, the court also included the three special assessments imposed. ROA.75. In the "Schedule of Payments" portion, the court ordered the $100 special assessment "due immediately" and referred to the conditions of release for the payment schedule for the other assessments. ROA.76.

This appeal followed. ROA.78-79.

## SUMMARY OF THE ARGUMENT

Rosa seeks modification of the payment schedule and related term of supervised release, which requires him to start making payments towards an 18 U.S.C. § 3014 assessment 60 days after release, that conditions the start of payments on the satisfaction of the 18 U.S.C. § 2259A assessment. In short, § 3014(b) explicitly directs that "[a]n assessment under subsection (a) shall not be payable until the person subject to the assessment has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which the special assessment is based." 18 U.S.C. § 3014(b). Because of a possible outstanding balance on the § 2259A assessment, the court clearly and obviously erred by unconditionally ordering Rosa to commence payments on the § 3014 assessment 60 days after release. This error affected Rosa's substantial rights because the court incorporated the unlawful payment schedule into the conditions of Rosa's 25 years of supervised release. And it warrants correction because it resulted from judicial error and does not even require

6

resentencing. Rosa's claimed error implicates a single condition of supervised release, so the Court can resolve the appeal in Rosa's favor by modifying the condition without a remand.

# ARGUMENT

## I.    Plain-error review applies.

The district court erred under 18 U.S.C. § 3014(b) and (f) by uncondi-

tionally ordering Rosa to make payments towards his § 3014 assessment

notwithstanding any balance on the 18 U.S.C. § 2259A assessment. Be-

cause Rosa did not object to the court's payment schedule, plain-error re-

view applies. *United States v. Terry*, No. 19-11039, 2022 WL 1469218, at

*1 (5th Cir. May 10, 2022) (citing *Puckett v. United States*, 556 U.S. 129,

135 (2009)). Rosa "must therefore show an error which is 'clear or obvious'

and affected his 'substantial rights.'" *Id.* (quoting *Puckett*, 556 U.S. at

135). He must also persuade the Court to exercise its "discretion to cor-

rect the error[]" because it "impugn[s] 'the fairness, integrity, or public

reputation of judicial proceedings.'" *Id.* (quoting *Puckett*, 556 U.S. at 135).

## II.    Rosa's appellate waiver does not bar this appeal.

### A.    This Court would review the application of the waiver to Rosa's appeal de novo.

Rosa waived his right "to appeal the conviction, sentence, fine and or-

der of restitution or forfeiture" in his plea agreement. ROA.141. On Au-

gust 15, 2023, Assistant U.S. Attorney Brian McKay confirmed the gov-

ernment's intent to invoke this waiver. *See United States v. Acquaye*, 452

F.3d 380, 382 (5th Cir. 2006). Thus, the Court may review de novo whether Rosa's appeal waiver bars this appeal. *United States v. Kim*, 988 F.3d 803, 808 (5th Cir. 2021); *but see United States v. Madrid*, 978 F.3d 201, 206 (5th Cir. 2020) ("an appeal waiver does not deprive us of jurisdiction," so "we choose to go further" and decide the appeal "on the merits"). For this review, the Court would first "evaluate whether the waiver was knowing and voluntary." *Id.* Then it would "determine whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Id.*

## B.  General contract principles inform the interpretation of plea agreements.

"Plea agreements are contractual" in nature, *United States v. Farias*, 469 F.3d 393, 397 n.4 (5th Cir. 2006), so this Court "appl[ies] general principles of contract law...to interpret [their] terms," *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008). A term's interpretation defaults to its "usual and ordinary meaning," but "a specialized, non-natural definition" may prevail if there is "evidence that the parties to the agreement intended" it. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). The Court discerns the "parties' intent" "from the language of

the contract and the surrounding circumstances." *United States v. Madrid*, 978 F.3d 201, 205 (5th Cir. 2020). If the text of an agreement gives rise to competing interpretations, general contract principles place a thumb on the scale in favor of interpretations giving "reasonable, lawful, and effective meaning" to all contractual terms over interpretations that reduce terms to "no effect." RESTATEMENT (SECOND) OF CONTRACTS § 203(a) (AM. L. INST. 1981), *cited by United States v. Bell*, No. 21-11103, 2022 WL 17729413, at *3–4 (5th Cir. Dec. 16, 2022) (interpreting plea agreement based on principle that "interpretations which would render a phrase 'completely meaningless' are contrary to the 'basic rule of contract interpretation' that 'every clause is intended to have some effect'" (quoting *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993))); *see also United States v. Antunez*, 269 F. App'x 528, 529 (5th Cir. 2008) (same). They also favor narrow constructions of appeal waivers

10

"against the Government." *United States v. Kim*, 988 F.3d 803, 808 (5th

Cir. 2021.[1]

### C.   These contract principles establish that Rosa's waiver does not apply on its own terms.

These principles answer "no" to the question of whether Rosa's waiver

bars this appeal. To start, the agreement's plain language includes "con-

viction, sentence, fine and order of restitution or forfeiture" but not as-

sessments. ROA.141. So, the interpretive question becomes: does one of

the enumerated terms include within its meaning the special assess-

ment? Of these, the clearest candidate is "sentence." The term admittedly

could encompass Rosa's claimed error in isolation. But in context, "sen-

tence" cannot bear that construction.

### 1.   The plea agreement's plain language compels an interpretation of "sentence" that excludes monetary penalties such as fines and restitution.

Following "sentence" is the phrase "fine and order of restitution or for-

feiture." ROA.141. If "sentence" were construed to include all components

---

[1] *Accord United States v. Newbert*, 504 F.3d 180, 185 (1st Cir. 2007) ("[W]e hold that the government must shoulder a greater degree of responsibility for lack of clarity in a plea agreement."); *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997) ("Because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement, our analysis of the plea agreement…is conducted with greater scrutiny than in a commercial contract.").

of the judgment,[2] then "fine and order of restitution or forfeiture" would have no meaning. *Cf.* ROA.69-77. For "fine and order of restitution or forfeiture" to retain significance, therefore, "sentence" must take on a specialized, narrower reading. Given the context, a narrow construction would also comport with the overarching rule that the Court should interpret appeal waivers narrowly and against the government. *Kim*, 988 F.3d at 808. Indeed, any ambiguity over the meaning of "sentence" must inure to Rosa's benefit. *Bell*, 2022 WL 17729413, at *3 (citing *United States v. Farias*, 469 F.3d 393, 397 (5th Cir. 2006),and *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008)).

### 2. But the text does not compel an interpretation of "sentence" that, despite the exclusion of fines and restitution, includes assessments.

Since "sentence" must exclude fines and restitution, the question becomes whether the agreement compels a reading of "sentence" that nonetheless includes similar monetary penalties such as assessments. The

---

[2] *See Sentence*, OXFORD ENGLISH DICTIONARY, *available at* https://www.oed.com/dictionary/sentence_n?tab=meaning_and_use#23608922 ("The judgement or decision of a court in any civil or criminal cause."); *Sentence*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("The judgment that a court formally pronounces after finding a criminal defendant guilty").

parties explicitly referenced assessments in two portions of the agreement. ROA.137-39. The first, Paragraph 3, outlines the maximum penalties the district court could impose on conviction. ROA.137. "Sentence," in bold lettering and set apart from the rest of the text with a colon, starts it off. ROA.137. It then includes these subclauses:

> a. imprisonment for a period of not less than five years nor more than twenty years;
>
> b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);
>
> c. a term of supervised release of not less than five years nor more than life, which may be mandatory under the law and which follows any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;
>
> d. a mandatory special assessment of $100;
>
> e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;
>
> f. an assessment, pursuant to 18 U.S.C. § 2259A, for no more than $35,000 for offenses occurring on or after December 7, 2018;

g. if the Court finds the defendant is not indigent, an additional mandatory special assessment of $5,000 must be imposed pursuant to 18 U.S.C. § 3014;

h. costs of incarceration and supervision; and

i. forfeiture of property

ROA.137. Assessments also appear in Paragraph 6, which is titled "Mandatory special assessment" and provides:

> The defendant agrees to pay to the U.S .District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case. Further, upon conviction, if the Court finds the defendant is not indigent, an additional mandatory special assessment of $5,000 must be imposed pursuant to 18 U .S.C. § 3014; and an assessment , pursuant to 18 U.S.C. § 2259A, of no more than $35 ,000 for offenses occurring on or after December 7, 2018.

ROA.138-39. For its part, "sentence" appears in two paragraphs apart from Paragraph 3 and Paragraph 12, the appeal waiver clause. ROA.138, 141. These are:

5. **Court's sentencing discretion and role of the guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

ROA.138, 141.

Paragraphs 3, 5, and 6 do not compel an interpretation of "sentence" in Paragraph 12 that includes assessments even as it excludes fines. At first glance, Paragraph 3 suggests such an interpretation — after all, assessments are included as a subclause of a clause titled "Sentence." But with that reasoning comes the conclusion that "sentence" also includes fines, orders of restitution, and orders of forfeiture — putting us back at

square one, with the phrase "fine and order of restitution or forfeiture" in Paragraph 12 rendered meaningless. Paragraph 5, on the other hand, emphasizes that the "role of the guidelines" is independent from the statutory maximums outlined in Paragraph 3. ROA.138. And consistent with this admonishment, the guidelines *do* provide their own independent ranges on sentences of imprisonment, supervised release, and fines. United States Sentencing Commission, *Guidelines Manual*, Ch.5, Pt.A, §5D1.2, §5E1.2 (Nov. 2021). But they do *not* provide independent guidance on assessments. USSG §5E1.3 ("A special assessment must be imposed on a convicted defendant in the amount prescribed by statute."). The rest of the plea agreement thus informs little the ambiguity in the term "sentence" raised by the exclusion of fines and restitution.

> **3.    The surrounding circumstances support a narrow reading of "sentence" that incorporates only the imprisonment and community supervision portions of a judgment.**

With the plea agreement's text falling short, the Court must turn "from the language of the contract" to "the surrounding circumstances." *Madrid*, 978 F.3d at 205. The statutory framework at the backdrop of the parties' negotiation includes Chapter 227, titled "Sentences," which

breaks down into these subchapters: "Subchapter A—General Provisions," "Subchapter B—Probation," "Subchapter C—Fines," and "Subchapter D—Imprisonment." 18 U.S.C. § 3553 *et seq*. The statutory provision explicitly authorizing the "Inclusion of a term of supervised release after imprisonment" also lies in Subchapter D. 18 U.S.C. § 3583. But § 3014 does not. It appears in Chapter 201, also titled "General Provisions" like the subchapter of Chapter 227. 18 U.S.C. § 3014.

> **4.    The court must choose the narrower interpretation because it must resolve ambiguities against the government.**

Let's summarize: first, "sentence" in Paragraph 12 excludes monetary penalties such as fines and restitution, because the following phrase "fine and order of restitution or forfeiture" otherwise would have no meaning. Second, other provisions of the agreement and the backdrop to the parties' negotiations would, if considered independently, lump in fines with "sentence," contrary to the plain text meaning in Paragraph 12. And third, some of these sources lump in assessments with "sentence" but some do not. Chapter 227 and Paragraph 3, for instance, provide a helpful comparison. Chapter 227 addresses imprisonment, community supervision, and fines — but not assessments. Paragraph 3 of the agreement

addresses imprisonment, community, and fines — *and* assessments. So, which to choose? After all, importing Chapter 227's categories into the definition of "sentence" suffers from the same flaw as importing Paragraph 3's categories, as they both include "fines." Even so, a principled reason exists for choosing Chapter 227's remaining categories over Paragraph 3's remaining categories. Simply put, the tie must go to Rosa. *Jacobs*, 635 F.3d at 781 ("we construe appeal waivers narrowly, and against the government"). Limiting "sentence" to only the imprisonment and community supervision portions of a judgment gives independent meaning to the rest of the clause in Paragraph 12 *and* follows this overarching principle.[3] Interpreting "sentence" to include the same *and* the assessments, by contrast, runs headfirst into it.

### 5.  The government knew how to incorporate assessments into the appeal waiver, chose not to do so, and now must be held to its bargain.

Another final, simple reason exists for interpreting "sentence" to include just imprisonment and community supervision: if the government wanted the appeal waiver to cover assessments, it easily could have done

---

[3] As noted above, such an interpretation is also consistent with the parties' emphasis on the independent role the guidelines play at sentencing.

so. For one, the government explicitly mentioned assessments in Paragraphs 3 and 6 but omitted them in Paragraph 12. It opted to explicitly mention every other non-imprisonment or community supervision component to a judgment *except* the assessments. Furthermore, if the government wanted to lump in assessments with the waiver of other criminal monetary penalties, *see* ROA.75 (listing assessments, restitution, and fines under a "Criminal Monetary Penalties" heading), it easily could have imported the terminology from the form judgment. *Cf. United States v. Madrid*, 978 F.3d 201, 204—05 (5th Cir. 2020) (appeal of special assessment barred by waiver of "monetary penalty"). But again, the government chose not to. And "an agreement should be enforced as written, without regard to whether the parties contracted wisely." *United States v. Williams*, No. 22-40185, 2023 WL 234772, at *1 (5th Cir. Jan. 18, 2023) (quoting *Jacobs*, 635 F.3d at 783). Thus, the appeal waiver does not bar Rosa's claimed error under 18 U.S.C. § 3014.

**III.    Under § 3014(b) and (f), Rosa must fully pay the § 2259A assessment before making payments towards his § 3014 obligation.**

    **A.    The district court plainly erred by unconditionally ordering Rosa to make payments towards the § 3014 assessment starting 60 days after his release.**

"An assessment under subsection (a) shall not be payable until the person subject to the assessment has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which the special assessment is based." 18 U.S.C.A. § 3014(b). Despite this clear statutory directive, the court unconditionally ordered Rosa to make payments towards the § 3014 assessment 60 days after his release without regard to a possible outstanding balance on the assessment under § 2259A. ROA.73-76. This error "flatly contradict[s] the applicable statutory language," so it is "clear or obvious." *United States v. Pierre*, No. 20-30728, 2022 WL 1198222, at *3 (5th Cir. Apr. 22, 2022); *United States v. Aderholt*, 87 F.3d 740, 744 (5th Cir. 1996) ("The error is evident from a plain reading of the statute and thus, is obvious.").

    **B.    The error affected Rosa's substantial rights.**

"An error affects a party's substantial rights when it changes 'the outcome in the district court.'" *United States v. Becerra*, 835 F. App'x 751,

757 (5th Cir. 2021) (quoting *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009)). In *United States v. Calbat*, 266 F.3d 358 (5th Cir. 2001), this Court found it "particularly troubling" that "one of the conditions of Calbat's supervised release" incorporated a restitution payment schedule that the Court found "unrealistic." *Id.* at 366. "Calbat could thus be sent back to prison for failure to make restitution payments in a timely manner." *Id.* The same applies here — the court conditioned Rosa's 25 years of supervised release on simultaneous monthly payments on both the § 2259A assessment and the § 3014 assessment. ROA.71, 73-74.

Especially because of this incorporation, the error affects Rosa's substantial rights. "Had the error not occurred," Rosa "would not have been subjected to the unwarranted special condition[.]" *United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015). *Cf. United States v. Mahanera*, 611 F. App'x 201, 204–05 (5th Cir. 2015) ("no evidence in the record supports the imposition of the challenged special conditions" and their imposition "affected Mahanera's substantial rights by affecting the outcome of the district court proceedings by allowing the judgment to contain unwarranted special conditions."). The incorporation of the payment schedule

into Rosa's release conditions also lengthens the time under which the assessment otherwise would be collectible. *Compare* 18 U.S.C. §§ 3014(f) ("The amount assessed under subsection (a) shall, subject to subsection (b), be collected in the manner that fines are collected in criminal cases"), 3613(b) ("The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined") *with* ROA.71 (imposing a 25-year term of supervised release). Rosa thus clears prong three of plain-error review.

## C.     The error seriously affects the fairness, integrity, or public reputation of the proceedings.

"The Supreme Court's recent decision in *Rosales-Mireles v. United States* noted that a plain sentencing error is 'precisely the type of error that ordinarily warrants relief.'" *United States v. Herndon*, 807 F. App'x 286, 291 (5th Cir. 2020) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018)) (cleaned up). "*Rosales-Mireles*" also "explained that in the ordinary case,'" another factor "favoring error correction" is that "re-sentencing is relatively easy." *Id.* (citing *United States v. Perez-Mateo*, 926 F.3d 216, 218 (5th Cir. 2019)). And when the error complained of "ultimately result[s] from judicial error rather than a defendant's

strategy," that factor "also favor[s] error correction." *Id.* (citing *Perez-Mateo*, 926 F.3d at 218) (cleaned up). *Id.*

The lessons of *Rosales-Mireles* apply with equal force to Rosa's claimed error. *United States v. Herndon*, 807 F. App'x 286 (5th Cir. 2020), proves instructive on this point. Herndon challenged lifetime bans on computer and internet access and his ability to associate with minors during supervised release because "the district court failed to articulate reasons or make factual findings supporting them." *Id.* at 288. Indeed, "the district court gave no reasons for the special conditions orally at sentencing," and "neither the judgment nor the [Statement of Reasons] included additional reasons or factual findings[.]" *Id.* at 289–90. The district court adopted the PSR, but it too "accompanied its recommendations" with "conclusory recitations of the statutory factors" that did not "otherwise…aid" appellate "review." *Id.* at 290. The panel found plain error, that the error affected Herndon's substantial rights, and that the error warranted correction. *Id.* at 290–91. It concluded that *Rosales-Mireles* favored "error correction in this case, as re-sentencing will impose no great burden, and the failure to support these special conditions with reasons are judicial

errors, not defense strategy." *Id.* at 291. *See also United States v. Becerra*, 835 F. App'x 751, 757–58 (5th Cir. 2021).

Given that court incorporated the payment schedule into Rosa's conditions of supervised release, this appeal raises the same concerns aired by the Supreme Court in *Rosales-Mireles* and expanded upon in *Herndon*. Indeed, such concerns are even more compelling here because Rosa only seeks modification, not a remand. *See United States v. Bree*, 927 F.3d 856, 862 (5th Cir. 2019) ("[B]ecause Bree's challenge is limited to a single special condition of his sentence, we decline to remand for resentencing. In similar situations, we have instead modified the district court's sentence and affirmed the sentence as modified. We do the same here." (internal footnote and citations omitted)). Thus, Rosa has shown that the error warrants this Court's correction.

## CONCLUSION

Rosa asks this Court to modify his § 3014 assessment payment schedule and related condition of supervised release to condition his payment obligations on the full satisfaction of the § 2259A assessment.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender
Northern District of Texas

*s/ Maria Gabriela Vega*
**M. GABRIELA VEGA**
Assistant Federal Public Defender
Texas Bar No. 24084014
525 Griffin St., Ste. 629
Dallas, Texas 75202
Phone 214.767.2746
Fax 214.767.2776
gabriela_vega@fd.org

## CERTIFICATE OF SERVICE

I certify that on August 17, 2023, I filed this brief electronically in the Court's ECF system. Opposing counsel has therefore been served under Fifth Circuit Rule 25.2.5. I also certify that: 1) any required privacy redactions have been made; 2) the electronic submission is an exact copy of the paper document; and 3) this document has been scanned for viruses by Trend Micro Security Agent, a commercial virus scanning program, and it is free of viruses.

*s/ Maria Gabriela Vega*
M. GABRIELA VEGA

# CERTIFICATE OF COMPLIANCE

Under Rule 32(a)(7) of the Federal Rules of Appellate Procedure, I certify this brief complies with the length limitation announced in Rule 32(a)(7)(B), because it contains 4253 words.

This brief complies with the typeface and type style requirements because it has been prepared in Microsoft Word using the proportionally spaced typeface Century Schoolbook, in a 14-point font size in the body of the brief, and a 12-point font size in the footnotes.

I understand that a material misrepresentation in completing this certificate, or circumvention of the length limitations in Federal Rule of Appellate Procedure 32(a)(7), may result in the Court striking the brief and imposing sanctions.

*s/ Maria Gabriela Vega*
M. GABRIELA VEGA